UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW DOVER LTD,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-23266-(RDD) |

## ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING M&T BANK TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TO EXAMINE THE DEBTOR

Upon the application of M&T Bank, also known as Manufacturers and Traders Trust Company ("M&T"), for entry of an Order authorizing and directing the examination of the Debtor pursuant to Fed. R. Bankr. P. 2004 (the "Motion"); and notice of the Motion having been given to interested parties and no other or further notice being required; and sufficient cause appearing therefor, it is on this \_\_\_\_day of October, 2019, hereby

**ORDERED** that, the Motion is granted in its entirety; and it is further

**ORDERED** that, M&T is authorized pursuant to Fed. R. Bankr. P. 2004 to issue a subpoena compelling oral examination under oath of the Debtor, by a representative chosen by M&T, on all matters within the scope of Fed. R. Bankr. P. 2004(b), which examination shall be conducted upon at least seven (7) days' prior notice to the Debtor and shall be conducted at the law offices of Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166 (the "Greenberg Traurig New York Office"), unless otherwise agreed between M&T and the Debtor; and it is further

**ORDERED** that, M&T is authorized pursuant to Fed. R. Bankr. P. 2004 to serve upon the Debtor the document request annexed hereto as Exhibit A, and the Debtor shall, within fourteen

1

(14) days of service of said request on the Debtor's counsel: (a) provide M&T with a written response to the request that complies with the definitions and instructions therein; (b) provide M&T with a privilege log in accordance with Fed. R. Bankr. P. 7026 for any document withheld from Debtor's production on the basis of privilege; and (c) produce to M&T at the Greenberg Traurig New York Office the documents requested therein that are in the custody, control, or possession of the Debtor; and it is further

**ORDERED** that, M&T is authorized to serve the subpoena and any other document to be served on the Debtor in connection with the relief granted hereunder *via* regular, first-class U.S. mail with copy *via* email to the Debtor's counsel, and the Debtor is required to serve all written responses to M&T as provided for in this Order *via* regular, first-class U.S. mail with copy *via* email to M&T's counsel whose email is brodya@gtlaw.com; and it is further

**ORDERED** that, this Order is without prejudice to the rights of M&T to apply to the Court for further relief related to discovery of the Debtor or otherwise; and it is further

**ORDERED** that, this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examination, and the production of documents.

Dated: October __, 2019
      White Plains, New York      _____
                                         HON. ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE A

# M&T BANK'S RULE 2004 DOCUMENT REQUESTS

## DEFINITIONS

1. Wherever appropriate in this request, the singular form of any word includes the plural and vice versa, and the masculine form of a word shall be interpreted as feminine and vice versa.

2. "Affiliates" means each and every entity affiliated with the Debtor, including, without limitation [Insert name of known affiliate].

3. The terms "all," "any," and "each" shall be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

5. "Audit(s)" means any work performed relating to the examination of an entity's accounting records or the inspection of its assets, including without limitation the preparation of any financial statements (consolidated or otherwise), special purpose financial statements and/or financial reports, additional and/or supplementary accounting information, restatements, balance sheets, valuations and opinions.

6. "Bankruptcy Petition and Schedules" means the Voluntary Petition, Schedules of Assets and Liabilities, Statement of Financial Affairs filed by the Debtor with the United States Bankruptcy Court for the Southern District of New York in the Debtor's bankruptcy case.

7. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9. "Debtor" means New Dover Group, LTD and all persons and entities acting or purporting to act on its behalf.

10. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

11. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. "Relate to" or "relating to" any given subject shall mean any Information or Documents that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with, or are in any way pertinent to that subject, including, but not limited to, Documents concerning the preparation of other Documents.

13. "Request" or "Requests" refers generally to the document requests set forth herein.

14. "You" and "Your" mean or refer to the person or entity to which or whom these requests are directed.

## INSTRUCTIONS

1. You shall produce all Documents responsive to these requests that are in Your possession, custody or control, including all Documents in the possession, custody or control of Your past or present agents, employees, and representatives.

2. Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained by you in the normal course, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

3. All Documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with

3

boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document. All spreadsheets created in Microsoft Excel or similar spreadsheet program should be produced in their native format. The requesting party reserves its right to request that other Documents be produced in their native format if necessary. The following metadata fields are also to be produced with all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |
| BCC | The name of any person blind copied on an email |

| Field Name | Description |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_ CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_ PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a document |

| Field Name | Description |
|---|---|
| NATIVE_FILE | Hyperlink to the native file |

4. Whenever You are asked to produce a Document that is deemed by You to be properly withheld from production for any reason, You shall provide a privilege log that will include listing such Document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document.

5. If You withhold any Document on the claim of attorney/client privilege, work product doctrine or similar protection, You shall provide a privilege log that will list such Document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document.

6. If You maintain that any requested Document has been destroyed, set forth the contents of the Document, the date of its destruction, and the name of the person who authorized its destruction.

7. Where an objection is made to a request, state all grounds upon which Your objection is based.

8. The Documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

9. Unless otherwise specified, these requests seek Documents in Your possession or control and/or dating from July 8, 2015 through the present.

10. This request is continuing. If, after producing documents, you later discover additional responsive Documents or things, you are obligated to supplement your responses.

# DOCUMENT REQUESTS

1. All Documents concerning or referring to finances and assets of the Debtor and its Affiliates, including, but not limited to, work papers, financial statements, balance sheets, income statements, statements of cash flows, statements of changes in shareholders' equity.

2. All Documents concerning, referred to or used by the Debtor or anyone on behalf of the Debtor, in the preparation of the Debtor's Bankruptcy Petition and Schedules.

3. All Documents concerning or referring to any bank account, checking account, investment account, depository account and any other account held at any bank, credit union, savings and loan association, mutual fund, money market fund, securities issuer, brokerage firm, or any other institution by, on behalf of, or in the name of the Debtor or any Affiliate, including, but not limited to all account statements.

4. All federal, state, and local tax returns (or the equivalent of any such forms filed in any jurisdiction outside of the United States) prepared and/or filed by or on behalf of the Debtor or an Affiliate, including all accompanying schedules, worksheets, or other attachments thereto.

5. All insurance policies held or owned by the Debtor, insuring real property, automobile, business, boat, jewelry, or other property, and all umbrella policies, endowment, annuity, and all endorsements thereto, and all documents pertaining to the cash values of all life insurance policies and the loan status upon each such policy, if any.

6. All Documents concerning or referring to any and all insurance policies held or owned by the Debtor, insuring real property, automobile, business, boat, jewelry, or other property, and all umbrella policies, endowment, annuity, and all endorsements thereto, and all documents pertaining to the cash values of all life insurance policies and the loan status upon each such policy, if any.

7. All documents or records concerning or referring to any payment(s) received by Debtor, or any person on the Debtor's behalf, from any and all sources.

8. All contracts (including but not limited to employment agreements and independent contractor agreements), pursuant to which the Debtor is now performing services, or has performed services.

9. All documents reflecting all sources of income received by the Debtor.

10. All invoices, ledgers, books, records, receipts for full or partial payment, or other documents concerning or referring to any accounts receivable owed to the Debtor or any business owned by the Debtor.

11. All trust agreements which refer or relate to any trusts established by or for the Debtor, either individually or jointly with others, regardless of whether the beneficiary is the Debtor or another person.

12. Any and all documents referring or relating to any payments, promises for payments, or transfers of funds by the Debtor to or from any other party for any amounts in excess of $1,000.00.

13. All checks issued on any accounts that the Debtor owned, maintained, or controlled or for which the Debtor was a signatory or in which the Debtor had any interest, whether individually or jointly with one or more other parties, at any bank, credit union, savings and loan association, mutual fund, money market fund, securities issuer, brokerage firm, or any other institution and all check stubs, check ledgers, check registers and all other records memorializing the issue of any such checks.

14. All wire transfer requests or receipts for wire transfers made or received by the Debtor.

15. All Documents concerning or referring to any payments or transfers made by the Debtor or an Affiliate to or on behalf of Samuel Friedmann.

16. All documents that relate to any safe deposit box or other deposit box or other depository for securities, cash, or valuables that the Debtor owned, maintained, or controlled or for which the Debtor or a representative of the Debtor was a signatory or in which the Debtor had any interest or to which the Debtor had access, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties, and all documents relating to the contents of such depository and the disposition thereof.

17. All Documents concerning or referring to any real property owned or leased by the Debtor.

18. All deeds, leases, mortgages, and any other written instruments that evidence any legal or equitable interest or ownership that the Debtor held in any real property, whether directly and/or indirectly, whether individually or jointly with one or more other parties, whether or not currently held by the Debtor; and for each interest in real property, produce all contracts for sale, closing statements, sales statements, and all other documents pertaining to the purchase price, down payment, source of monies for the purchase price, and appraised value of the property.

19. All lease agreements, whether for real or personal property, to which the Debtor or any business owned by the Debtor is and/or was a party.

20. All certificates of title and registrations for all cars, trucks, airplanes, boats, water sports vehicles, mopeds, motorcycles, and motorized devices that the Debtor owned, maintained, or controlled or in which the Debtor had any interest, in whole and/or in part, directly and/or indirectly, individually or jointly with one or more other parties.

21. All documents concerning or referring to the acquisition or sale of personal property by the Debtor or any business owned by the Debtor.

22. Schedules of all furniture, fixtures, furnishings and equipment owned by the Debtor, whether individually or jointly with one or more other parties.

23. All appraisals of any property in which the Debtor held an interest, whether real or personal, whether tangible or intangible, whether the Debtor's interest was legal or equitable.

24. A list of all items having value in excess of $500.00 purchased by the Debtor.

25. All loan or credit applications prepared by the Debtor or on the Debtor's behalf, whether individually or jointly with one or more other parties.

26. All credit and debit cards currently held by the Debtor, and all credit card and debit card statements for all credit card, debit card, or other charges for all credit card, debit card, or other charge accounts established in the Debtor's name (either solely or jointly with any other person).

27. All documents concerning or referring to any lawsuit or arbitration to which the Debtor has been a party, either as a party plaintiff or claimant party, defendant or respondent, or otherwise.

28. All documents concerning or referring to any judgment to which the Debtor has been a party, either as a party plaintiff or claimant party, defendant or respondent, or otherwise.

46719597v1