**GREENBERG TRAURIG, LLP**
Alan J. Brody, Esq.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 443-3543 (Telephone)
(973) 295-1333(Facsimile)

*Counsel to M&T Bank, also known as
Manufacturers and Traders Trust Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NEW DOVER LTD,<br><br>Debtor. | Chapter 11<br><br>Case No. 19–23266-(RDD) |

**REPLY IN FURTHER SUPPORT OF M&T BANK'S MOTIONS FOR AN
ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING M&T BANK TO
ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS
AND TO EXAMINE THE DEBTOR AND SAMUEL FRIEDMANN**

M&T Bank, also known as Manufacturers and Traders Trust Company ("M&T"), by and through its undersigned counsel, respectfully submits this reply (the "Reply") in further support of M&T's Motions (the "Motions") for an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing M&T to issue subpoenas for the production of documents and the examination of the above-captioned debtor (the "Debtor") and the Debtor's President, Samuel Friedmann ("Friedmann") [Dkt. Nos. 21 and 22]. As set forth in more detail below, the Motions should be granted and all fees and costs associated with the Motions should be assessed to the Debtor as the Debtor's objection to the Motions are baseless.

1. Bankruptcy Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." FED. R. BANK. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANK. P. 2004(b).

2. M&T is the largest creditor in this chapter 11 case, with a claim totaling approximately $6,156,265.44 as of the Debtor's petition date, arising in connection with a loan made to the Debtor and guaranteed by Friedmann.

3. By its Motions, M&T seeks to investigate the Debtor's finances, assets and potential avoidance actions generally and particularly as they relate to the estates' assets and the Debtor's true financial condition by means of obtaining documents and testimony from the Debtor and Friedmann, the Debtor's President. This information is crucial in determining whether M&T has claims or causes of action against the Debtor, Friedmann and/or any other third parties, as well as the true assets available for distribution to creditors of the Debtor's estates.

4. As set forth in detail in the Motions, the Debtor's Schedules of Assets and Liabilities ("Schedules") and State of Financial Affairs ("SOFA") [Doc. No. 1] raise several issues which warrant the need for an immediate examination. Moreover, upon information and belief, (a) the Debtor has been paying expenses of and possibly transferring the Debtor's assets to Friedmann, various companies owned by Friedmann and other third party companies for some time, and (b) the Debtor leases it's real property from Friedmann. M&T has the right to examine both the Debtor and Friedmann based on the type of suspicious activity that has transpired prior to and during this bankruptcy proceeding.

5. The post-petition activities of the Debtor and its counsel further support investigation. In addition to the several examples of the Debtor's questionable conduct set forth in Section D of the Motions, Justice Paul I. Marx in the State Court action, captioned *M&T Bank v. New Dover et al.*, 36404/2018, *sua sponte* recently required Friedmann's counsel "to show cause why he should not be sanctioned for engaging in frivolous conduct" See Court Notice dated October 10, 2019 annexed hereto as **Exhibit A**.

> Counsels instructions to the per diem lawyer who appeared for him today to request an adjournment of the oral argument to allow the Bankruptcy Court to determine if the automatic stay applicable to defendant New Dover Group, Ltd. also applied to Mr. Friedman could only have been designed to delay this litigation. Counsel knew, or should have known, that the Bankruptcy Court (Hon. Robert E. Drain, Judge) had already declined to entertain an application for extension of the stay to Mr. Friedman. This is evidenced by Judge Drains email of September 25, 2019 and the communications to New Dovers counsel referenced therein. Moreover, this Court had specifically rejected counsels assertion that the stay applied to Mr. Friedman when made previously in this case, based on a long established rule of law. See Milliken v Stewart, 182 AD2d 385 [1st Dept 1992].

*Id.* As a result, on November 7, 2019, the State Court sanctioned Friedmann's counsel for his improprieties.

6. Moreover, the Debtor's reliance on *In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) in it's Objection to M&T's Motions Pursuant to Rule 2004 for an Order Authorizing M&T to issue Subpoenas for the Production of Documents and to Examine the Debtor (the "Objection"), is misguided. The Debtor provides no explanation as to why it or Friedmann would suffer such costs and disruption and, interestingly, fails to mention that the Court in *Express One* granted the creditor's Rule 2004 examination motion.

7. Here, M&T has clearly demonstrated that the Debtor's and Friedmann's conduct, including, but not limited to its frivolous pleadings before this Court and the State Court and the material omissions contained in the Debtor's schedules and monthly operating reports, provide

3

sufficient evidence of the Debtor's and Friedmann's bad faith actions and potential fraudulent conveyances which warrant discovery pursuant to Bankruptcy Rule 2004.

**WHEREFORE,** for the reasons stated herein, M&T respectfully requests that this Court (i) grant the Motions pursuant to Bankruptcy Rule 2004, in the form attached to the Motions and (ii) grant such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: November 12, 2019<br>Florham Park, New Jersey | **GREENBERG TRAURIG, LLP**<br><br>By: /s/ Alan J. Brody<br>Alan J. Brody, Esq.<br>500 Campus Drive<br>Florham Park, New Jersey 07932<br>Telephone: (973) 443-3543<br>Email: *brodya@gtlaw.com*<br><br>*Counsel for M&T Bank, also known as Manufacturers and Traders Trust Company* |

47017421v4